### THE N. O. ST. JOSEPH'S ASSOCIATION *v.* A. MAGNIER.

To the general rule that parties to a contract cannot stipulate but for themselves, there is an exception when one makes, in his own name, some advantage for a third person the condition or consideration of a commutative contract, or onerous donation. C. C. 1884, 1896. He for whose benefit this advantage is stipulated, has an equitable action to enforce the stipulation, when he has signified his assent in the premises. C. P. 35.

A penal obligation cannot be stipulated for the benefit of third persons. A penal clause, being a secondary obligation having for its object the enforcement of a primary obligation, cannot be assimilated to a condition or consideration. C. C. 2113, 2115.

APPEAL from the Sixth District Court of New Orleans, *Howell*, J. *Durant & Hornor*, for plaintiff. *Field & Blocker* and *C. Dufour*, for defendant and appellant.

VOORHIES, J. The defendant, Magnier, and several other hatters in the city of New Orleans entered into a contract to close their respective stores on Sundays. They stipulated, in express terms, that those who would violate this obligation, would become subject for each infraction, to a fine of one hundred dollars for the benefit of the asylum of the St. Joseph's Orphans.

A. Magnier having, on several Sundays, opened his store, the present suit was brought to recover the stipulated fine.

To the general rule that parties to a contract cannot stipulate but for themselves, there is an exception when one makes, in his own name, some advantage for a third person the condition or consideration of a commutative contract, or onerous donation. C. C. 1884, ¦1896. He, for whose benefit this advantage is stipulated, has an equitable action to enforce the stipulation, when he has signified his assent in the premises. C. P. 35.

The text is clear that the advantage must be the condition or consideration of the contract: hence it is that a penal obligation cannot be stipulated for the benefit of third persons. 6 Toullier, No. 846; Rolland de Villargues, 2 Dict. Not. No. 50; C. N. 1121.

A penal clause, being a secondary obligation having for its object the enforcement of a primary obligation, cannot be assimilated to a condition or consideration. C. C. 2113.

"The penal obligation, says C. C. 2115, has this in common with a conditional obligation, that the penalty is due only on condition that the first part of the contract be not performed. But it differs from it in this, that in penal contracts there must be always a principal obligation, independent of the penalty; while in conditional contracts, there is no obligation, unless the condition happens."

The stipulation to pay a fine of one hundred dollars for each violation of the contract, is, in the very language of the parties, a penal obligation. Its very object and purpose is to enforce the primary obligation, which each of the contracting parties assumed, to close his respective store on Sundays. It is a strained and unnatural construction to say that the contract was entered into with the view of making a donation to the plaintiffs, dependent upon the condition that any of the parties would not close their stores. This was a commutative contract with a penal clause, not a conditional donation.

It is, therefore, ordered and decreed, that the judgment of the District Court be reversed, and that the plaintiffs' demand be rejected, with costs in both courts.

LAND, J., absent, concurring.